Opinion of the Court.
Kirkpatrick 0. J.
This was an action of debt for a legacy, and upon the plea of want of assetts, in pursuance of the statute in that case, made and provided, it was referred to auditors to examine the accounts of the said executors, and to report, &c.
Upon the coming in of the report of the auditors, sundry exceptions were taken thereto, and particularly it was excepted thereto, that the said auditors, in making-up the account of the said defendants, had refused to give them credit for sundry sums of money, alleged by them to have been paid and disbursed, for which they had obtained, a credit in the settlement of their accounts in the Orphans’ Court of the county of Gloucester, which settlement still remains there of record in its full force, (a)
This exception appearing to be true in fact, and the decree of the Orphans’ Court, in these cases, being by the express provisions of the. statute, conclusive upon all persons interested, except for assetts or monies which may come to hand after such decree, and except for fraud or mistake, to be proved to the satisfaction of the said Orpha/ns’ Court upon a resettlement; and the state of facts, in other respects, not sufficiently appearing to the *court to enable them to amend and correct said report in all respects.
*336 I am of opinion that the said report of the auditors be set aside, and that the said plaintiff have leave to apply for the appointment of other auditors thereupon, if he shall see fit.
Report of auditors set aside.

 Meeker vs. Vanderveer, 3 Gr. 392. See Richards vs. Drinker, 1 Hal. 307. Harker vs. Hough, 2 Hal. 428. Bell vs. Price, 1 Zah. 32. Affirmed in error, 2 Zab. 578. Hoagland vs. Veghte, 3 Zab. 92. Smith vs. Minor, Coxe 16. Ruckman vs. Ransom, 6 Vr. 565. Veghte vs. Hoagland, 2 Stock. 45, Richardson vs. Lanning, 2 Dutch. 132. Cross vs. Cross, 2 C. E. Gr. 288.